1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT SMITH,

           Plaintiff(s),

v.

JOSEPH A. ZEPEDA, et al.,

           Defendant(s).

2:13-CV-1393 JCM (CWH)

**ORDER**

Presently before the court is defendant Joseph Zepeda's motion to dismiss or, alternatively, motion for summary judgment.  (Doc. # 4).  Plaintiff Robert Smith, acting *pro se*, has not filed a formal response to defendant's motion, but has instead filed an opposition to the petition for removal.  (Doc. # 6).  Defendant has filed a response to the opposition (doc. # 8) and plaintiff has filed a sur-reply (doc. # 9).

**I.     Background**

Plaintiff is a prisoner currently incarcerated in a federal detention center in California. Plaintiff originally filed a complaint in Nevada state court on May 21, 2013, alleging violations of the Fourth and Fourteenth Amendments.  (Doc. # 1).

The complaint alleges that the defendants,[1] acting in their individual and official capacities, executed a search warrant at plaintiff's home and other locations on May 8, 2009.  As a result of the

---

[1]  There is no indication that defendant Gillepsie has been served with a summons and copy of the complaint. Although Gillepsie is a named defendant, "defendant" will refer only to Zepeda.

**James C. Mahan**
**U.S. District Judge**

1  warrant, the task force seized $73,494.00, 284.9 grams of cocaine, 576 grams of marijuana, 200 pills

2  of MDMA, seven hand guns, two rifles, three vehicles, and one motorcycle.

3      Plaintiff alleges that defendant Zepeda "relinquished" the seized property to defendant

4  Gillespie without a "turn over" order.  As a result of the seizure, plaintiff claims his Fourteenth

5  Amendment rights were violated when Zepeda failed to acquire a turnover order prior to releasing

6  the seized property for federal prosecution, as the property was seized under a state search warrant.

7  Plaintiff further alleges his Fourteenth Amendment rights were violated when Zepeda failed to return

8  a search warrant inventory to the court.  Next, plaintiff alleges that Zepeda lacked probable cause

9  or a warrant to seize the vehicles, and that the initial warrant did not list the vehicles to be seized.

10  Finally, plaintiff alleges that Gillespie unlawfully instituted a civil forfeiture action regarding the

11  seized currency.

12      Based on the fact that the complaint alleges violations of the Fourth and Fourteenth

13  Amendments to the United States Constitution, defendant Zepeda timely removed to this court.

14  Plaintiff has filed a motion to remand, essentially arguing that he mistakenly included violations of

15  the Fourteenth Amendment in his complaint.

16  **II.**    **Legal Standard**

17      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

18  be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

19  statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*

20  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

21  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

22  of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

23  allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus,

24  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

25  to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

26      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

27  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

2   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

3   suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

4   allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's

5   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

6   liable for the alleged misconduct. *Id*. at 1949.

7       Where the complaint does not permit the court to infer more than the mere possibility of

8   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

9   (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

10  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

11  **III.   Discussion**

12          *A.     Motion to remand*

13      Plaintiff asserts that the court is obligated to remand this matter because he "never intended

14  to invoke the district court's jurisdiction."  The possibility that he "accidently" invoked this court's

15  jurisdiction is irrelevant.

16      "Any civil action brought in a State court of which the district courts of the United States

17  have original jurisdiction, may be removed by the defendant or the defendants, to the district court

18  of the United States for the district and division embracing the place where such action is pending."

19  28 U.S.C. § 1441(a).  "If a civil action includes a claim arising under the Constitution, laws, or

20  treaties of the United States [] and a claim not within the original or supplemental jurisdiction of the

21  district court or a claim that has been made nonremovable by statute, the entire action may be

22  removed if the action would be removable without the inclusion of the claim described in

23  subparagraph (B)."  28 U.S.C. § 1441(c).  Federal district courts have "original jurisdiction of all

24  civil actions arising under the Constitution. . ."  28 U.S.C. § 1331.

25      The complaint undoubtedly asserts claims for violations of the Fourteenth Amendment. (*See*

26  generally, compl., doc. # 1).  Indeed, the Nevada Constitution does not contain a fourteenth

27  amendment, so plaintiff's assertion that he did not intend to invoke the fourteenth amendment of the

28

James C. Mahan
U.S. District Judge

- 3 -

1   *United States* Constitution is without merit.  Plaintiff's argument that he "only asserted a Fourteenth

2   Amendment violation under state statute in support of his claim for the recovery of property" simply

3   does not make any sense.

4          Accordingly, the court finds that the complaint alleges violations of the United States

5   Constitution.  As such, this court has original jurisdiction.  28 U.S.C. § 1331.  The court also has

6   supplemental jurisdiction over any ancillary state law claims, to the extent the complaint pleads any.

7   The motion to remand is denied.

8          *B.      Motion to dismiss*

9          Defendant moves to dismiss the complaint on the grounds that the claims are time barred.

10  Nevada's residual state of limitations for personal injury actions is the statue of limitations

11  applicable to § 1983 actions in Nevada.  *Perez v. Seevers*, 869 F.2d 425 (9th Cir. 1989).  Federal law

12  determines when a claim accrues for an action brought pursuant to 42 U.S.C. § 1983.  Federal courts

13  apply a forum state's personal injury statute of limitations for § 1983 claims.  *See Wilson v. Garcia*,

14  471 U.S. 261, 276 (1985).  A § 1983 claim accrues when the plaintiff knows, or should know, of the

15  injury on which the cause of action is based.  *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir.

16  1994).

17         NRS 11.190(3) provides that an action for "taking, detaining or injuring personal property,

18  including actions for specific recovery thereof. . ." must be brought within three years.  Although not

19  entirely clear from the *pro se* complaint, it appears plaintiff is seeking to re-obtain the seized

20  property via the instant action.  As this is the longest statute of limitations that could potentially

21  apply to these facts, the court will give plaintiff the benefit of the doubt in assuming that the most

22  forgiving provision applies.

23         Here, plaintiff was aware of the fact that his residence and other property were searched on

24  May 8, 2009.  At most, plaintiff therefore had until May 8, 2012, in which to file this complaint.  He

25  failed to do so, instead waiting until May 21, 2013, to file.  Accordingly, his claims are barred by the

26  statute of limitations, and the complaint is dismissed.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

                                    - 4 -

**IV.      Conclusion**

Despite plaintiff's assertions to the contrary, the complaint clearly pleads claims for federal constitutional violations.  As such, this court has jurisdiction and the motion to remand is denied. Because the claims are barred by Nevada's statute of limitations, the complaint must be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (doc. # 6) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss or, alternatively, motion for summary judgment (doc. # 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED February 11, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 5 -